# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FREDDIE GAINES, et al.,<br><br>　　　　　Plaintiff(s),<br><br>v.<br><br>FLAGSTAR BANK, FSB, et al.,<br><br>　　　　　Defendant(s). | 2:12-CV-2154 JCM (GWF) |

## ORDER

Presently before the court is the matter of Gaines et al v. Flagstar Bank, FSB, case number 2:12-cv-0154-JCM-GWF. This is a mortgage related case that was originally filed in state court. The defendant removed the action to this court. When the action was removed from state court, there was a pending application for a temporary restraining order. Both the application for temporary restraining order and the defendant's response in opposition are imbedded within an exhibit to the petition for removal. (Doc. # 1, Ex. A). The state court did not rule on the temporary restraining order before the action was removed to this court. The application and response are ripe for this court's review.

**I.     Background**

Plaintiffs sought financing for a premises located at 2141 Weber Way, Pahrump, Nevada, and the defendant bank loaned plaintiffs the money. (Doc. # 1, Ex. A, Compl at ¶¶ 7-8). Plaintiffs admit that they "fell behind on their mortgage" payments. (*Id.* at ¶ 9). Both parties then participated in the Nevada Foreclosure Mediation Program. (*Id.* at ¶ 10). Plaintiffs further admit that "[t]he

**James C. Mahan**
**U.S. District Judge**

1  results [of the mediation] were not favorable to Plaintiffs." (*Id.* at ¶ 11). By unfavorable, the
2  plaintiffs really mean that the mediation resulted in a certificate allowing defendant to foreclose on
3  the premises. (*See* Doc. # 1, Ex. A at p. 84).

4  Plaintiffs then filed a tardy "petition for judicial review" of the mediation proceedings in state
5  court, which the court dismissed. (*See* doc. # 1, Ex. A at p. 110-12). Defendant then foreclosed on
6  the property.

7  **II.  Legal Standard**

8  According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining
9  order when the moving party provides specific facts showing that immediate and irreparable injury,
10 loss, or damage will result before the adverse party's opposition to a motion for preliminary
11 injunction can be heard. Fed. R. Civ. P.65. "The purpose of a temporary restraining order is to
12 preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial
13 nature is designed merely to prevent irreparable loss of rights prior to judgment." *Miller v. Rufion*,
14 No. 08-1233, 2009 WL 348176, at *1 (E.D. Cal. Feb. 11, 2009) (citing *Sierra On-Line, Inc. v.
15 Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "Thus, in seeking a temporary
16 restraining order, the movant must demonstrate that the denial of relief will expose him to some
17 significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of California v.
18 Coalition of Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).

19 "Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an
20 extraordinary remedy, and plaintiffs have the burden of proving the propriety of such a remedy by
21 clear and convincing evidence." *De La Salle v. America's Wholesale Lender*, no. 2:09-cv-02701,
22 2010 WL 1507317, at *1 (E.D. Cal. April 14, 2010); *Winter v. N.R.D.C.*, 555 U.S. 7, 24 (2008) ("A
23 preliminary injunction is an extraordinary remedy never awarded as a right."). The Supreme Court
24 has stated that a plaintiff must establish each of the following to secure an injunction: (1) a
25 likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not
26 granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter*, 555 U.S. at 20-
27 24 (2008). Plaintiff must "make a showing on all four prongs." *Alliance for the Wild Rockies v.
28

**James C. Mahan
U.S. District Judge**

- 2 -

*Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

### III. Discussion

The court finds it appropriate to deny the temporary restraining order. Plaintiffs cannot establish a single *Winter* element. First, the foreclosure has already occurred so there is no imminent harm. Second, plaintiffs cannot establish a high enough likelihood of success on the merits. Plaintiffs admit defaulting on their loans and admit the mediation program offered a certificate to proceed forward with the foreclosure.

Finally, the court notes that the complaint also seeks a permanent injunction. The court will resolve this issue when it resolves defendant's motion to dismiss (doc. # 6). That motion is not yet ripe, so the court will wait until it becomes ripe to address the permanent injunction.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, DECREED that plaintiffs' application for a temporary restraining order (See doc. # 1, Ex. A) be, and the same hereby, is DENIED.

DATED January 23, 2013.

_____
UNITED STATES DISTRICT JUDGE