1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FREDDIE GAINES, et al., | 2:12-CV-2154 JCM (GWF) |
| Plaintiff(s), | |
| v. | |
| FLAGSTAR BANK, FSB, et al., | |
| Defendant(s). | |

**ORDER**

Presently before the court is defendant Flagstar Bank, FSB's ("Flagstar") motion to dismiss. (Doc. # 6). Plaintiffs filed a response in opposition (doc. # 13), and Flagstar filed a reply (doc. # 15).

**I.    Background**

Plaintiffs Freddie and Billie Gaines purchased real property located at 2141 East Weber Way, Pahrump, Nevada. (Doc. # 1, Ex. A, Compl. at ¶¶ 7-8). Flagstar loaned plaintiffs money to purchase the property. (*Id.*). The loan was secured by a deed of trust recorded on October 23, 2008.[1]

Beginning in 2012, plaintiffs "fell behind on their mortgage payments." (*Id.* at ¶ 9). Due to their default, plaintiffs were served with a notice of default and election to sell on February 15, 2012. (*Id.* at ¶ 9).

---

[1] The court judicially recognizes all of the following properly recorded documents attached to defendants' motion to dismiss: the deed of trust; the loan; notices of default and election to sell; substitution of trustee; certificate of compliance with the foreclosure mediation program; state court documents and orders; and, notice of trustee's sale. *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

**James C. Mahan**
**U.S. District Judge**

1   Both parties then participated in the Nevada Foreclosure Mediation Program.  (*Id.* at ¶ 10).

2   Plaintiffs further admit that "the results [of the mediation] were not favorable to Plaintiffs."  (*Id.* at

3   ¶ 11).  By unfavorable, the plaintiffs really mean that the mediation resulted in a certificate allowing

4   defendant to foreclose on the premises.

5   Plaintiffs filed a tardy "petition for judicial review" of the mediation proceedings in state

6   court, which that court dismissed.  (*See* doc. # 1, Ex. A at p. 110-12).  Defendants then foreclosed

7   on the property on or about October 22, 2012.  (Compl. at ¶ 21).

8   **II.   Legal Standard**

9   A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

10   be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

11   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*

12   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual

13   allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

14   of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).  "Factual

15   allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus,

16   to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim

17   to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

18   In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

19   considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations

20   in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id*. at 1950.

21   Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

22   suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint

23   allege a plausible claim for relief.  *Id*. at 1950.  A claim is facially plausible when the plaintiff's

24   complaint alleges facts that allows the court to draw a reasonable inference that the defendant is

25   liable for the alleged misconduct.  *Id*. at 1949.

26   Where the complaint does not "permit the court to infer more than the mere possibility of

27   misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief."

28

**James C. Mahan**
**U.S. District Judge**

1   *Id.* (internal quotations and alterations omitted).  When the allegations in a complaint have not

2   crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550

3   U.S. at 570.

4        The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

5   1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,

6   allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

7   but must contain sufficient allegations of underlying facts to give fair notice and to enable the

8   opposing party to defend itself effectively. Second, the factual allegations that are taken as true must

9   plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to

10  be subjected to the expense of discovery and continued litigation." *Id.*

11  **III.   Discussion**

12       At the outset the court notes that the complaint alleges seven causes of action.  Flagstar's

13  motion to dismiss raises arguments pertaining to only three of the seven causes of action.

14  Additionally, this court previously denied a temporary restraining order in this case.  (Doc. # 14).

15  In that order, the court stated that it would resolve the remaining injunctive claim when resolving

16  the motion to dismiss.  Therefore, this order covers only four of the seven causes of action.

17       *A.     Fraudulent Misrepresentation*

18       Under Nevada law, the elements of fraudulent misrepresentation are the following: "(1) a

19  false representation made by the defendant; (2) defendant's knowledge or belief that its

20  representation was false or that defendant has an insufficient basis of information for making the

21  representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the

22  misrepresentation; and (4) damage to the plaintiff as a result of the relying on the misrepresentation."

23  *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 446, 956 P.2d 1382, 1386 (Nev. 1998).

24       Additionally, fraud claims must meet the heightened pleading standard under Federal Rule

25  of Civil Procedure 9.  Allegations of fraud must be accompanied by "the who, what, when, where,

26  and how of the misconduct charged." *Yess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.

27  2003).

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   Plaintiffs' complaint does not state a single specific fact substantiating their fraudulent

2   misrepresentation claim.  For example, plaintiffs' complaint states:

3       45.     Defendant has made, on numerous occasions as delineated herein, false
                representations of material fact to Plaintiffs which they knew to be false.
4
5       46.     In particular, Defendants [sic] represented that they would work in good faith in the
                proceedings in Case No. CV 33883, when in reality, they were taking proactive steps
6               at the same time to conclude the foreclosure sale of Plaintiffs' residence.

7       47.     Defendant's representations in dealing with Plaintiff [sic] contained material
                omissions in that Defendant intended all along to violate the State of Nevada FMP
8               and not participate in good faith in the ongoing judicial review proceedings in Case
                No. CV 33883.

9   (Compl. at ¶¶ 45-47).  Plaintiffs' allegations cannot meet the heightened pleading standard required

10  by a fraudulent misrepresentation claim.  There are no specific facts, much less a who, what, when,

11  where, and how.

12      Plaintiffs's fraudulent misrepresentation cause of action fails to state a claim and is

13  dismissed.

14      B.      *Wrongful Foreclosure*

15      "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can

16  establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of

17  condition or failure or performance existed on the mortgagor's or trustor's part which would have

18  authorized the foreclose or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*,

19  99 Nev. 284, 304, 662 P.2d 610, 623 (Nev. 1983).  "Therefore, the material issue of fact in a

20  wrongful foreclosure claim is whether the trustor was in default when the power of sale was

21  exercised." *Id.*

22      Plaintiffs admit to defaulting on their loans.  (Compl. at ¶ 9).  Additionally, defendant

23  received a certificate from the foreclosure mediation program that allowed it to foreclose on the

24  premises.  Defendant lawfully foreclosed on the property.

25      Plaintiffs argue that defendant could not foreclose on the property because plaintiffs filed a

26  petition for judicial review of the mediation program.  This petition was dismissed with prejudice

27  because it was untimely filed.  The court finds plaintiffs' argument based on the petition for judicial

28

James C. Mahan
U.S. District Judge

- 4 -

1   review to be meritless.  Plaintiffs' wrongful foreclosure cause of action is dismissed because it fails

2   to state a claim.

3        C.        Rescission

4        "Rescission is an equitable remedy which totally abrogates a contract and which seeks to

5   place the parties in the position they occupied prior to executing the contract." *Bergstrom v. Estate*

6   *of DeVoe*, 109 Nev. 575, 577, 854 P.2d 860, 861 (Nev. 1993).  Upon rescission, the parties should

7   be "returned as closely as possible to their respective positions prior to entering into the contract."

8   *Id.*  A non-breaching party to the contract may either seek to rescind the contract or seek damages

9   from the breach, but not both.  *Id.*; *see also Fuoroli v. Westgate Planet Hollywood Las Vegas, LLC*,

10  no. 2:10-cv-2191-JCM, 2013 WL 431047, at *4 (D. Nev. Feb. 1, 2013).

11       In this case, plaintiffs have not properly alleged that they are the non-breaching party.

12  Plaintiffs have not properly alleged a breach of the contract or that the contract was void or voidable.

13  In fact, plaintiffs admit that they breach the contract by defaulting on their loans.  Plaintiffs' cause

14  of action for rescission is dismissed because it fails to state a claim.

15       D.        Injunction

16       In a previous order in this case, (doc. # 14), this court denied the temporary restraining order

17  filed contemporaneously with the complaint in state court.  The court found that plaintiffs could not

18  establish a single required element from *Winter v. NRDC*, 555 U.S. 7, 24 (2008) ("A preliminary

19  injunction is an extraordinary remedy never awarded as a right.").

20       To begin, injunctive relief is a remedy and not a cause of action.  Additionally, plaintiffs

21  cannot show irreparable harm or a high enough likelihood of success on the merits of any of the

22  causes of action.

23       Plaintiffs' for injunctive relief is dismissed because it fails to state a claim.

24  **IV.    Conclusion**

25       Plaintiffs' causes of action for fraudulent misrepresentation, wrongful foreclosure, rescission,

26  and injunctive relief are dismissed.  Plaintiffs' complaint also alleges causes of action for quiet title,

27  breach of the covenant of good faith and fair dealing, and unjust enrichment.  Flagstar's motion

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    makes no argument pertaining to these claims, so they remain viable.

2            Accordingly,

3            IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to

4    dismiss (doc. # 6) be, and the same hereby, is GRANTED consistent with the foregoing.

5            DATED May 17, 2013.

6

7    _____
     **UNITED STATES DISTRICT JUDGE**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 6 -